LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8708 GAF (CWx) | Date | November 28, 2012 |
|---|---|---|---|
| Title | Jana M. Craig v. U S Bank, National Association, et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**      **(In Chambers)**

### ORDER TO SHOW CAUSE RE: DIVERSITY JURISDICTION

On October 10, 2012, Plaintiff Jana M Craig brought suit in this Court against Defendants U.S. Bank N.A., Quality Loan Service Corp., Mortgage Electronic Registration Systems, Inc. ("MERS"), and GMAC Mortgage LLC f/k/a GMAC Mortgage Corporation ("GMAC") (collectively "Defendants"). (Docket No. 1, [Compl.].) Plaintiff asserts numerous state law claims against Defendants, presumably invoking this Court's subject matter jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction). (See Id. ¶¶ 12-21.) However, the Court cannot presently conclude that jurisdiction exists on the basis of diversity of citizenship. Accordingly, Plaintiff is **ORDERED to show cause** why the Court should not dismiss this action for lack of subject matter jurisdiction.

Federal courts have jurisdiction on the basis of diversity of citizenship if the amount in controversy exceeds $75,000 and if the matter is between citizens of different states. 28 U.S.C. § 1332(a). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant." Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004). A national banking association is deemed to be "located" for the purposes of citizenship in the state in which its main office, as set forth in its articles of incorporation, is located. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 307 (2006). A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). "[A]n LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP , 437 F.3d 894, 899 (9th Cir. 2006). A "natural person's state citizenship is []

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8708 GAF (CWx) | Date | November 28, 2012 |
|---|---|---|---|
| Title | Jana M. Craig v. U S Bank, National Association, et al. | | |

determined by her state of domicile, not her state of residence."  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

     Here, although Plaintiff adequately alleges being a citizen of Illinois, (Compl. ¶ 12), she has not adequately alleged the citizenship of most of the named defendants.  Defendant U.S. Bank is a national banking association but Plaintiff has failed to identify the state of its main office.  (Id. ¶ 13.)  Defendant MERS is a corporation, and while Plaintiff adequately alleges MERS's state of incorporation, she fails to allege the state of MERS's principle place of business.  (Id. ¶ 15.)  And while Plaintiff alleges that Defendant GMAC is an LLC, Plaintiff has failed to allege the citizenship of its owners/members.  (Id. ¶ 16.)  Plaintiff also lists two other parties - Nationstar Mortgage LLC ("Nationstar") and Green Tree Servicing LLC ("Green Tree").  (Id. ¶¶ 17-18.)  It is not entirely clear whether Plaintiff intended those parties to be defendants, as they are not named in the caption, but if Plaintiff did intend to assert claims against those parties, she inadequately alleged citizenship as to both.  Nationstar is an LLC, but Plaintiff fails to allege the citizenship of its owners/members.  (Id. ¶ 17.)  Green Tree is an LLC alleged to be owned by Walter Mortgage Investment Management Corporation.  (Id. ¶ 18.)  Plaintiff states that Walter Mortgage is a Maryland corporation, but fails to allege its principal place of business.  (Id.)  Thus, the Court is unable to conclude that complete diversity of citizenship exists in this case.

     Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE no later than 5:00 p.m. on Thursday, December 6, 2012**, as to why the Court should not dismiss this action for lack of subject matter jurisdiction.  **Failure to respond by this deadline will be deemed consent to dismissal.**

     **IT IS SO ORDERED.**